EXHIBIT A

8-27-12  1:45 PM

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, EQIUFAX

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CAROL BRENNAN

CIVIL BUS. / FOR COURT USE ONLY
CERTIFIED / SOLO PARA USO DE LA CORTE

2012 AUG 20 AM 10: 48

SAN DIEGO ...

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* COUNTY OF SAN DIEGO

SAN DIEGO COUNTY SUPERIOR COURT
330 WEST BROADWAY SAN DIEGO CA. 92103

CASE NUMBER:
*(Número del Caso):* 37-2012-00102619-CU-PO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RAYMOND M. VECCHIO 3340 DEL SOL BLVD #181 SAN DIEGO CA. 92154

DATE: 8-20-12   AUG 20 2012   Clerk, by  M. Scott   Deputy
(Fecha)                       (Secretario)            (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Bank of America
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

7.

*Plaintiff lives in area (SD)*

Raymond M. Vecchio SBN 86657
ATTORNEY AT LAW
3340 Del Sol Blvd #181
San Diego, California 92154
619-298-6270
619-781-8661 FAX

2012 AUG 20  AM 10:48

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
### CENTRAL DIVISION

| | |
|---|---|
| CAROL BRENNAN, | Case No.: 37-2012-00102619-CU-PO-CTL |
| Plaintiff, | COMPLAINT AND REQUEST FOR PUNITIVE DAMAGES |
| vs. | |
| BANK OF AMERICA, EQIUFAX, AND DOES 1-100 | |
| Defendants. | |

NOW COMES CAROL BRENNAN WHO ALLEGES AS FOLLOWS:

### FIRST CAUSE OF ACTION

### VIOLATION OF THE

### FAIR CREDIT REPORTING ACT; FAIR DEBT COLLECTION PRACTICES ACT

1. At all times herein mentioned Carol Brennan (Plaintiff) was and is a resident of San Diego County.

2. At all times herein Defendants EQUIFAX and BANK of AMERICA were Corporations duly organized under the State of their incorporation and doing business in the State of California.

3. Plaintiff is unaware of the identities of Defendant herein named as Does1-100. When Plaintiff discovers the true names of those Defendants she will amend this complaint when their true names are revealed to her.

COMPLAINT FOR DAMAGES- 1

4. Plaintiff brings this action based upon on the actions of known and unknown Defendants who Plaintiff claims acted in concert with one another to have violated the FAIR CREDIT REPORTING ACT (hereinafter known as FCRA) codified at 15 U.S.C. S 1681 et seq., and of the FAIR DEBT COLLECTION PRACTICES ACT (hereinafter known as FDCA), 15U.S.C. Sec. 1692.

5. Bank of America is a lender of money and an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with consumers or borrowers and therefore constitutes a "furnisher, or disseminator" of consumer information as codified at 15 U.S.C.&1681s-2, and is therefore subject to the laws as set forth in the FCRA.

6. When loans become delinquent Bank of America engages in the endeavor to recover or collect delinquent loans and therefore is subject to the laws as set forth in the FDCPA, including (but not limited to) 1692e(8); 1692e(10); 1692e(11); 1692(f); and 1692f(1).

7. **Bank of America and Equifax violated the FDCPA in that:**

a. Bank of America notified Plaintiff that a loan they had taken out was delinquent.

b. After being notified of this indebtedness by Bank of America, Plaintiff notified Bank of America that the Plaintiff had no such indebtedness to Bank of America. Despite knowing this, Bank of America began a lengthy and prolonged course of conduct and harassment against this Plaintiff which included threats of legal action, constant abusive and prolonged telephone calls, and written harassment by mail. All of these actions were undertaken by Bank of America in an effort to collect a non-existent debt against this elderly Plaintiff.

These actions by Bank of America were an egregious Invasion of Privacy and an intrusion on the seclusion of this Plaintiff which resulted in the extreme stress, anguish, fear, nervousness,

anticipation, and threat of harm to her financial and physical well being, all causing actual damages to the Plaintiff.

c. The aforementioned collection efforts of Bank of America continued even after being notified of the falsity of their claim by independent counsel retained by the Plaintiff. Despite the knowledge that the Plaintiff was represented by counsel and the instructions not to have any contact with the Plaintiff, Defendant Bank of America continued to contact Plaintiff personally in an effort to collect a debt which Plaintiff never incurred.

d. Bank of America refused to provide written proof of the indebtedness to either the Plaintiff or their counsel after repeated demands for such information.

e. Bank of America wrongfully and maliciously, despite knowing that Plaintiff owed no debt to Bank of America reported to Equifax and other Credit agencies and Does 1-20 that the Plaintiff was delinquent in their payment of this nonexistent debt.

f. Bank of America eventually reported to Equifax that the debt was charged off and that the debtor Carol Brennan was deceased. (See Ex-1).

g. A recent check of the plaintiff's credit report shows the erroneous and incorrect indebtedness, delinquent payment, and charge off and that the Plaintiff is deceased.

8.) Defendant Equifax meets the definition of a consumer reporting agency in section 603(f) of the FRCA is liable and responsible even if the only information it collects, maintains, and disseminates is obtained from public record" sources.

9.) Defendant EQUIFAX and Defendant BANK OF AMERICA have violated the FCRA in their willful and negligent violations of their responsibilities to reasonably report on Plaintiff's credit report and investigate Plaintiff's disputes in their credit report.

COMPLAINT FOR DAMAGES- 3

10.) All Defendants have repeatedly violated California state law which has proximately caused Plaintiff's damages.

11.) Plaintiff has suffered actual damages as a result a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset humiliation, embarrassment, amongst other negative emotions, as well as suffering from abusive invasion of personal privacy. Plaintiff has also suffered physical harm as a result of the defendants' actions in the form of high blood pressure hives and other physical ailments.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

12.) Plaintiff Carol Brennan herein re-alleges each and every paragraph of her for complaint and hereby incorporates those allegations by reference.

13.) Carol Brennan is a resident of San Diego County, California (hereinafter Plaintiff). Plaintiff is a consumer as defined by (FCRA) 1681 (a).

14.) Defendant Equifax and Does 1-20 are persons as defined by FCRA 1681(a) and a consumer reporting agency as defined by FCRA 1681a (f) and Sections 603(f). Equifax and Does 1-20 are authorized to do business in the State of California; with its principle place of business in the State of Georgia.

15.). The FCRA Sec. 603(f) defines a consumer reporting agency (CRA) as any person which, for monetary fees, dues, or not on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information... for the purposes of furnishing consumer reports to "third parties", and the selling of lists containing personal and financial consumer information to third parties for marketing purposes for profit since January 1, 1987-May 2008. In turn, Sec 603(d) defines "consumer report" as the

COMPLAINT FOR DAMAGES- 4

communication of "any information" by a CRA that bears on a consumers credit worthiness, credit rating, credit capacity, character, general reputation, personal characteristics, or mode of living that is used or expected to be collected in whole or in part, for the purpose of serving as a factor in establishing eligibility for credit or insurance to be used primarily for personal, family or household purposes, employment purposes, or any other purpose authorized under Section (604).

16.) **Equifax and BANK OF America Does 1-20 violated the FCRA in that:**

    a. Equifax continues to add store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which is false, inaccurate, erroneous, misleading, adverse, and has allegedly participated in selling lists containing personal and financial consumer information to third parties for marketing purposes for profit.

    b. Plaintiff requested from Defendant Equifax that the account be deleted from Plaintiff's credit report, as Plaintiff did not own it. Despite notice from the Plaintiff that such information is false and inaccurate the delinquent account remains on the credit report (See EX-2).

    c. Equifax and Does 1-20 failed to conduct a reasonable investigation of the Plaintiff's dispute despite being notified of the debts falsity and has otherwise failed to comport with FCRA 1681(i). Had they done so the delinquent account would have been deleted.

    d. Equifax was provided with more than sufficient information in the disputes and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

    e. Equifax has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer and have failed to adopt reasonable procedures to assure maximum required accuracy of Plaintiff's consumer credit and other personal information as

required by the FRCA. This extremely important information which is compiled used and manipulated in order to prepare credit reports, credit scores, risk factors, denial codes and other economic data evaluation has a profound effect on the lives of consumers. Such was the case with this Plaintiff.

f. Despite its stated policy and obligations under the law, Defendant Equifax has completely abdicated its obligations under federal and state law and has chosen to merely "parrot" whatever their customer, (B of A) has told them to say. Equifax has a policy to favor the paying customer rather than what the customer or the public record says about a debtor or debt.

17.) Bank of America and Equifax and does 1-20 have explicit and illicit reasons for keeping such false information on credit reports they are:

a. Bank of America of credit information, and debt collectors such as defendant Bank of America, provide enormous financial rewards to Defendants Equifax and does 1-20.

b. The Defendants' understand that the importance of keeping false information on credit reports is one of the most powerful methods "furnishers" and debt collectors have to force consumers to pay debts whether they are owed or not.

c. Bank of America has a policy and procedure to refuse to properly update credit reports of consumers, who do not owe an alleged debt. Such is the case with this Plaintiff.

d. The reason is to intentionally keep false information on the credit report.

e. Bank of America, has promised thru its subscriber agreements or contracts to accurately update accounts but defendant Bank of America has maliciously, recklessly, wantonly, and /or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and State Law which has resulted in the intended consequences of this false information remaining on this Plaintiffs credit reports.

f. Bank of America assumed a duty, through, the subscribers' agreement and other actions, to report accurately the information contained in its reports and this duty was breached in a negligent, wanton, reckless, willful intentional and or malicious manner.

g. Plaintiff is informed and believes and hereupon alleges that Bank of America has a policy to "park" its accounts on at least one of the consumer's credit report. "Parking" is a term in the industry for keeping a false account on the credit report so that the consumer will be forced to pay money in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered credit score which directly resulted from the Equifax's and Bank of America's intentional and malicious conduct.

h. In parking or allowing the parking of an account, these Defendants know they are violating their obligations and duties under the federal and state law to accurately report the account.

i. Defendants and each of them know or with exercise of reasonable care should have known that parking a false account will lead to false and defamatory information being published every time the Plaintiff's credit is assessed. This is the malicious and intentional design behind the Defendants actions with the goal to force the Plaintiff to pay on an account the Plaintiff does not owe.

j. Defendants Bank of America and Equifax maliciously, willfully, intentionally, recklessly, and or negligently failed to review the information provided in the disputes or the information that was already available in their files. Furthermore, they failed to conduct a reasonable investigation of Plaintiff's disputes. As a direct result, Defendants Bank of America and Equifax failed to delete information found to be inaccurate, and failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

k. At all times relevant times the defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of the plaintiff's credit report, violating 15 U.S.C. &1681c (b) and state law.

l. Defendant Bank of America failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and credit report, thus violating State Law and the FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

## THIRD CAUSE OF ACTION

## INVASION OF PRIVACY

18.) Plaintiff incorporates by reference all the paragraphs of this complain as fully stated herein.

19.) California law recognizes plaintiff's right to be free from invasion of privacy and Defendant Bank of America violated California law as described in this complaint.

20). Congress explicitly recognized a consumer's inherent right to privacy in collection matters and passing the FAIR DEBT COLLECTION PRACTICES ACT, when it stated: " **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to loss of jobs, and to the invasion of individual privacy.**" 15 U.S.C.& 1692(a).

21).Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit with a private right of action), when it stated as part of its purpose: " **It is the policy of this Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its**

COMPLAINT FOR DAMAGES- 8

customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C.& 6801(a)

22.) Defendants and each of them and or their agents intentionally, recklessly, and or negligently interfered physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

23.) Defendants and each of them and or their agents intentionally, recklessly, and or negligently caused emotional and physical harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding on the Plaintiff's right to privacy.

24.) Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information. The defendants' conduct resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

25.) As a result of all of the intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

26.) Defendants and each of them and or their agents and/or employees were committed with malice, intent, and or recklessness and as such Defendants are subject to punitive damages.

## FOURTH CAUSE OF ACTION

## INTENTIONAL AND NEGLIGENT SUPERVISION OF INCOMPETENT AGENTS

27.) Plaintiff incorporates by reference all the paragraphs of this complaint as fully stated herein.

28.) Defendants and each of them are allowed and encouraged to break the law in order to collect debts.

COMPLAINT FOR DAMAGES- 9

1  29.) Defendants and each of them are aware of the wrongful conduct of its agents, and knows
2  and approves of its incompetent employees who are involved in credit reporting and collections.
3  30.) Defendants and each of them negligently and intentionally hired trained, retained or
4
5  supervised debt collectors who were allowed or encouraged to violate the law. Defendants are
6  thereby responsible to the plaintiff for the wrongs committed against plaintiff by the
7  aforementioned employees and the damages suffered by the Plaintiff for such conduct.

## FIFTH CAUSE OF ACTION

## PUNITIVE DAMAGES

31.) Defendants and each of them including defendants known and unknown and therefore named as Doe Defendants acted with malice, wantonness, recklessness, and or intentional conduct in their dealings with the and about Plaintiff as set forth in this complaint entitling this Plaintiff to an award of Punitive damages as the jury may see fit at the time of trial.

WHEREFORE, plaintiff prays that she be awarded a judgment against these defendants and each of them as follows:

As to <u>all causes of action</u> all statutory damages allowable by law, actual, and compensatory damages, punitive damages, and all costs and Attorney fees associated with this lawsuit as the court sees fit.

DATE: 8-20-12

Raymond M. Vecchio
Attorney for Plaintiff
CAROL BRENNAN

COMPLAINT FOR DAMAGES- 10

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Raymond M. Vecchio SBN 86657
Attorney at Law
3340 Del Sol Blvd. #181
San Diego Ca. 92154
TELEPHONE NO.: 619-298-6270   FAX NO.: 619-781-8661
ATTORNEY FOR (Name): Plaintiff CAROL BRENNAN

**FOR COURT USE ONLY**

CIVIL [illegible] OFFICE 2
CENTRAL [illegible]

2012 AUG 20 AM 10: 48

SAN DIEGO COUNTY [illegible]

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS: 330 WEST BROADWAY
CITY AND ZIP CODE: SAN DIEGO CA. 92101
BRANCH NAME: CENTRAL

**CASE NAME:**
BRENNAN V. BANK OF AMERICA ET. AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2012-00102619-CU-PO-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): ONE
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8-20-2012
RAYMOND M. VECCHIO
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00102819-CU-PO-CTL    CASE TITLE: Brennan vs. Bank of America

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Carol Brennan |
|---|
| DEFENDANT(S): Bank of America et.al. |
| SHORT TITLE: BRENNAN VS. BANK OF AMERICA |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2012-00102619-CU-PO-CTL |
|---|---|

Judge: Randa Trapp                                   Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private) ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)             ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

Name of Plaintiff                            Name of Defendant

Signature                                    Signature

Name of Plaintiff's Attorney                 Name of Defendant's Attorney

Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 06/20/2012                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)   STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7070 | |
| PLAINTIFF(S) / PETITIONER(S): Carol Brennan | |
| DEFENDANT(S) / RESPONDENT(S): Bank of America et.al. | |
| BRENNAN VS. BANK OF AMERICA | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2012-00102619-CU-PO-CTL |

Judge: Randa Trapp                                                                Department: C-70

COMPLAINT/PETITION FILED: 08/20/2012

## ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-08)                    NOTICE OF CASE ASSIGNMENT                    Page: 1



# Superior Court of California
# County of San Diego

## NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 90 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page 2

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.

I am readily familiar with the firm's business practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under said practice, correspondence is deposited with the U.S. Postal Service in the ordinary course of business on that same day with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this declaration.

On September 24, 2012, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) AND (c)** by having placed a true copy thereof in a sealed envelope addressed as follows:

Raymond M. Vecchio, Esq.
3340 Del Sol Boulevard, #181
San Diego, California 92154
Telephone: (619) 298-6270
Facsimile: (619) 781-8661

Thomas Quinn, Esq.
Nokes & Quinn
410 Broadway, Suite 200
Laguna Beach, California 92651
Telephone: (949) 376-3500
Facsimile: (408) 376-3070
Email: Tquinn@nokesquinn.com

I deposited such envelope with postage thereon prepaid with the United States Postal Service at 355 South Grand Avenue, Suite 2900, Los Angeles, California.

I am employed in the office of a member of the bar at whose direction service was effected.

Executed on September 24, 2012, at Los Angeles, California.

Charles Koster
Type or Print Name